IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICHAEL SMITH, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-713-NJR |
| J. ENELAGE,<br>P. HAITHCOCK-DUKES,<br>N. SANDERS,<br>FRANK LAWRENCE,<br>C. MEYER,<br>JOHN DOE REVIEWING OFFICER,<br>E. CARTER,<br>JOSHUA A. SCHOENBECK,<br>and JASON N. HART, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Michael Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges the defendants violated his due process rights and retaliated against him by issuing and finding him guilty of a false disciplinary ticket. He asserts claims against the defendants under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In his Complaint, Plaintiff makes the following allegations: On March 14, 2019 while going to the dining hall, Plaintiff was approached by Defendants J. Engelage, P. Haithcock-Dukes, and N. Sanders and asked about the location of his "line movement" partner. (Doc. 1, p. 11). Plaintiff stated that his partner was turned around by guards, but he did not know why and had no control over his partner. Haithcock-Dukes and Sanders commented that Plaintiff was mouthy and liked to sue and Engelage ordered Plaintiff to turn around and cuff up. (*Id*.). Plaintiff was placed in mechanical wrist restraints despite having an active double cuff permit and requesting to be placed in proper restraints. (*Id.* at pp. 11, 14, and 23).

Plaintiff was placed in a segregation cell. Although he requested his dinner meal from the three officers, he did not receive dinner and had to wait until the next meal to eat. The officers placed him in a segregation cell that did not have a blanket, mattress, pillow, hygiene bag, or running water. (*Id*. at pp. 11, 24). Plaintiff wrote several grievances about his conditions but did not receive a response. Frank Lawrence and C. Meyer ignored his grievances and he remained in the cell until March 20, 2019. (*Id*. at pp. 12-13, 23). Plaintiff later alleges that Lawrence deemed the grievances non-emergencies and failed to release him from segregation. (*Id*. at p. 13). He alleges that C. Meyer retaliated against him when she chose to only process some of his grievances and purposefully mishandled others which also violated his due process rights. (*Id*. at p. 20). He also alleges that Lawrence retaliated against him by deeming his grievances non-emergencies. (*Id*. at p. 16). He wrote numerous grievances about his conditions of confinement which he alleges is the basis for the retaliation. (*Id*. at p. 17).

On March 15, 2019, Plaintiff received a disciplinary report listing Engelage as the reporting officer and Haithcock-Dukes and Sanders as witnesses. (Doc. 1, p. 12). Plaintiff requested video/camera footage of the incident in advance of the hearing. Plaintiff contends that the disciplinary report issued by Engelage, Hathcock-Dukes, and Sanders was false and issued in retaliation for Plaintiff responding that he did not have control over his line partner and that he needed to be cuffed according to his permit. (*Id*. at pp. 12, 14). He also alleges that he was denied his dinner meal in retaliation for his previous statements to the defendants. (*Id*. at p. 14).

At the March 19, 2019 disciplinary hearing, the John Doe Hearing Officer allegedly denied Plaintiff his due process rights by not allowing Plaintiff to appear and address the charges against him. (Doc. 1, pp. 14-15). Joshua Schoenbeck and Jason N. Hart, members of the adjustment committee, failed to review the camera footage and allowed the footage to be destroyed. (*Id*.). They also did not allow Plaintiff the opportunity to have staff assistance, call three witnesses, and denied his request for an extension of time to prepare for the hearing. (*Id.* at pp. 15, 25). Plaintiff alleges that Schoenbeck and Hart retaliated against him because they had in their possession his grievances when they made their final ruling and refused to call his witnesses. (*Id*. at pp. 15-16). Lawrence signed the final report of the adjustment committee, finding Plaintiff guilty. (*Id*. at p. 16). C. Meyer and E. Carter also denied his grievance related to the disciplinary procedures, which he alleges violated his due process rights. (*Id*. at p. 15). As a result of the disciplinary ticket, Plaintiff was placed on C Grade and lost two months commissary privileges. (Doc. 2, p. 3).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following eight counts:

> **Count 1:** **J. Engelage, P. Haithcock-Dukes, and N. Sanders retaliated against Plaintiff in violation of the First Amendment by writing**

|  |  |
|---|---|
|  | Plaintiff a false disciplinary ticket, denying him his evening meal, and refusing to double cuff Plaintiff. |
| **Count 2:** | J. Engelage, P. Haithcock-Dukes, N. Sanders, C. Meyer, and Frank Lawrence were deliberately indifferent under the Eighth Amendment to Plaintiff's conditions of confinement while in segregation. |
| **Count 3:** | J. Engelage, P. Haithcock-Dukes, and N. Sanders were deliberately indifferent under the Eighth Amendment to Plaintiff's serious medical needs by refusing to comply with Plaintiff's medical cuff permit. |
| **Count 4:** | J. Engelage, P. Haithcock-Dukes, and N. Sanders violated Plaintiff's due process rights under the Fourteenth Amendment by issuing Plaintiff a false disciplinary ticket. |
| **Count 5:** | John Doe Reviewing Officer, Joshua Schoenbeck, Jason Hart, and Frank Lawrence violated Plaintiff's due process rights by denying him access to video evidence and denying his request to call witnesses at his disciplinary hearing. |
| **Count 6:** | C. Meyer, E. Carter, and Frank Lawrence violated Plaintiff's due process rights under the Fourteenth Amendment by denying his grievances regarding the disciplinary proceedings. |
| **Count 7:** | Joshua Schoenbeck and Jason Hart retaliated against Plaintiff in violation of the First Amendment by refusing to call Plaintiff's witnesses at the disciplinary hearing. |
| **Count 8:** | C. Meyer and Frank Lawrence retaliated against Plaintiff in violation of the First Amendment when they failed to properly respond to Plaintiff's grievances. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Preliminary Dismissal

Plaintiff references Eugene Simpson, Travis Bayler, and Rob Jeffreys as defendants in the body of his Complaint but fails to identify them as defendants in the caption of his Complaint. As such, these individuals or entities will not be treated as defendants in this case, and any claims against them should be considered **DISMISSED without prejudice**. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

## Counts 1, 7, and 8

The Court finds that Plaintiff has properly stated claims for retaliation in Counts 1, 7, and 8 as he alleges that the defendants retaliated against him for filing a number of grievances and making verbal statements. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005); *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012). Thus, Counts 1, 7, and 8 will proceed.

## Count 2

Plaintiff also states a viable claim against Engelage, Haithcock-Dukes, Sanders, Meyer, and Frank Lawrence for deliberate indifference to the conditions of his cell while in segregation. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Plaintiff alleges that he was placed in a cell without running water for six days and he informed the defendants through grievances which were ignored. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("A prisoner's statement that he repeatedly alerted" personnel of a condition and they did nothing states a claim.).

## Count 3

Plaintiff alleges that Engelage, Haithcock-Dukes, and Sanders all refused to honor his double cuff permit and instead cuffed Plaintiff normally, causing him pain. The failure to abide by a medical permit related to a disability could constitute interference with "treatment once

prescribed," *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976), and that is enough to state an arguable Eighth Amendment claim. Accordingly, the Court will allow Count 3 to proceed.

## Counts 4 and 5

Plaintiff's due process claims for being issued and found guilty of a false disciplinary ticket fail to state a claim. Standing alone, the receipt of a false disciplinary ticket does not give rise to a due process violation. This is because "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted). *See also Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir.1984).

Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Plaintiff alleges that these safeguards were not met because his witnesses were not called at the disciplinary hearing and he was not allowed to view the video footage of the incident.

But even if an inmate's due process rights are violated, as Plaintiff alleges here, he still may not have a Fourteenth Amendment claim. An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff did not lose any good conduct credit nor was he placed in segregation as a result of the disciplinary ticket. Although he was demoted to C Grade and lost commissary privileges, those restrictions do not give rise to a liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (collecting cases). To the extent Plaintiff alleges that he was held in segregation for six days pending his disciplinary hearing, that placement also does not give rise to a liberty interest. *Townsend*, 522 F.3d at 771-72 (segregation "imposed for administrative, protective, or investigative purposes," does not implicate the Fourteenth Amendment). As such, Plaintiff fails to allege that he suffered the loss of a liberty interest which would trigger due process protections. Counts 4 and 5 are, thus, **DISMISSED without prejudice.**

### Count 6

To the extent that Plaintiff alleges that Meyer, Carter, and Frank Lawrence violated his due process rights when they denied his grievances, he fails to state a claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996); *see also Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir.2008). Accordingly, Count 6 is **DISMISSED with prejudice**.

### Motion for Preliminary Injunction

Plaintiff's Motion Seeking Preliminary Injunctive Relief (Doc. 13) takes issue with Menard's e-filing policy. Plaintiff alleges that Menard has a policy of returning to an inmate only the first page of documents the inmate submitted for e-filing to the Court, rather than returning the entire document. Plaintiff requests that the Court direct Menard to provide him with copies of all of his Court filings. To the extent that Plaintiff believes that his constitutional rights have been violated by Menard's policy of providing inmates with a copy of the first page of documents he

7

submits to the Court, that claim is unrelated to his present lawsuit. To seek relief for that alleged violation, Plaintiff would have to file a new case after first exhausting his administrative remedies. To the extent that Plaintiff seeks injunctive relief in this case, his request is **DENIED as moot**. Plaintiff is encouraged to make copies of all documents he sends to the Court for his personal records. Copies from the Court for Plaintiff's own filings are provided at the Court's standard copying rate.

Plaintiff's motion also seeks discovery. He asks that the Court order the defendants to provide him with surveillance video of the dining hall on March 10, 2019 and March 11, 2019. (Doc. 13, p. 3). He believes the video will show Plaintiff being harassed by Haithcock-Dukes and Sanders and will demonstrate that they had a reason to retaliate against Plaintiff. Discovery in this case, however, has not yet commenced, and Plaintiff's request is premature. The motion for discovery is **DENIED**.

### Motion for Counsel

In his Motion for Counsel (Doc. 4), Plaintiff indicates that he has sent letters to several attorneys but has not received any responses. Plaintiff claims that he needs counsel because the claims are complex and he will need help gathering evidence. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, the Court notes that Defendants have not yet been served nor has a discovery schedule been entered. Thus, counsel is not needed at this early stage. Therefore, Plaintiff's Motion for Counsel (Doc. 4) is

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

**Disposition**

For the reasons stated above, Count 1 shall proceed against J. Engelage, P. Haithcock-Dukes, and N. Sanders. Count 2 shall proceed against J. Engelage, P. Haithcock-Dukes, N. Sanders, C. Meyer, and Frank Lawrence. Count 3 shall proceed against J. Engelage, P. Haithcock-Dukes, and N. Sanders. Count 7 shall proceed against Joshua Schoenbeck and Jason Hart. Count 8 shall proceed against C. Meyer and Frank Lawrence. Count 4 against J. Engelage, P. Haithcock-Dukes, and N. Sanders and Count 5 against John Doe Reviewing Officer, Joshua Schoenbeck, Jason Hart, and Frank Lawrence are **DISMISSED without prejudice**. Count 6 against C. Meyer, E. Carter, and Frank Lawrence is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to **TERMINATE** John Doe Reviewing Officer and E. Carter from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendants J. Engelage, P. Haithcock-Dukes, N. Sanders, Frank Lawrence, C. Meyer, Joshua A. Schoenbeck, and Jason N. Hart.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: 9/16/2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**